UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Cheria Brown, | ) | CASE NO.: 5:25CV1020 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| Equifax Information Services, LLC, | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |

The Court conducted a telephonic status conference in this matter on February 2, 2026. This order will serve to memorialize the Court's orders during that conference.

Defendant Equifax's motion to dismiss (Doc. 14) is DENIED without prejudice, subject to refiling as a motion for summary judgment, if appropriate. The motion to stay discovery is DENIED AS MOOT. Doc. 16. Plaintiff Brown's motion for leave to respond to discovery requests after resolution of the motion to dismiss (Doc. 24) is also DENIED AS MOOT. Equifax's motion to extend discovery dates is GRANTED IN PART. The parties shall complete discovery by May 4. 2026. The Court will not entertain motions to extend this date.

Brown shall immediately sign and provide a full medical authorization to defense counsel. In addition, Brown shall provide the names and contact information for all of her treatment providers for the past 5 years. Brown shall also immediately begin to respond to discovery requests from Equifax, including providing her tax returns, credit

applications, and job history.  Similarly, Equifax shall forthwith provide any policies relevant to the instant dispute to Brown.

To the extent that there remains a dispute over whether certain discovery requests are proper, the parties shall meet and confer as required by the Local Rules.  The Court will resolve any remaining disputes during the telephone conference scheduled for February 19, 2026, at 1:00 p.m.  Brown and counsel for Equifax shall call 330-430-8848 and use meeting ID 84568445 to access the conference.

Finally, the Court denies Brown's motion to compel Equifax's representative to travel to Ohio to be deposed.  Federal Rule of Civil Procedure 26(c) affords this Court "wide discretion to limit discovery to prevent 'annoyance, embarrassment, oppression, or undue burden or expense,' including with regard to the designation of the time and place of depositions." *Lomax v. Sears, Roebuck & Co.*, No. 99–6589, 2000 WL 1888715, at *3 (6th Cir. Dec.19, 2000) (quoting Fed.R.Civ.P. 26(c)); S*hannon v. Taesa Airlines*, No. 2:93–CV–689, 1994 WL 931216, at *3 (S.D.Ohio Nov.10, 1994) ("[U]nder Rule 26(c) of the Federal Rules of Civil Procedure, the Court is vested with the discretion to designate the location of a deposition, and to act so as to protect any party from undue burden or expense.").  The party seeking protection, here Plaintiff Brown, must establish that good cause exists under Rule 26(c)(1). *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). To do so, Brown must illustrate the potential for "'annoyance, embarrassment, oppression, or undue burden or expense' ... with 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.' " *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 163 (1981)).

Brown failed to meet her burden.  Other than her conclusory statement that her *pro se* status renders travel to Georgia an undue burden, she offered no other argument in support of her motion.  Moreover, she did not explain why other avenues for completing the deposition – deposition by written question or some form of videoconferencing – would not remedy the issue of cost.  Accordingly, the motion to compel is DENIED.

IT IS SO ORDERED.


DATED: February 4, 2026  /s/  *John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT